**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GREGORIO SANCHEZ LOBATO, | No. 09-73512 |
| Petitioner, | Agency No. A077-465-051 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Jose Gregorio Sanchez Lobato, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's ("IJ") decision denying his application for cancellation of

removal and his motion to terminate proceedings.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Vasquez de Alcantar v. Holder*, No. 09-73512, 2011 WL 2163965, at *2 (9th Cir. Jun. 3, 2011), and we deny the petition for review.

The IJ properly concluded that Sanchez Lobato was statutorily ineligible for cancellation of removal because he could not establish seven years of continuous residence in the United States after being "admitted in any status." *See* 8 U.S.C. § 1229b(a)(2); *Vasquez de Alcantar*, No. 09-73512, 2011 WL 2163965, at *5 (an applicant for adjustment of status is not admitted until his application is approved).

Contrary to Sanchez Lobato's contention, the IJ did not err in denying his motion to terminate proceedings for cancellation and reissuance of the notice to appear because the IJ lacked the authority to grant the motion. *See* 8 C.F.R. § 1239.2(c).

Sanchez Lobato's challenge to the BIA's decision to affirm without opinion is foreclosed by *Padilla-Romero v. Holder*, 611 F.3d 1011, 1015 (9th Cir. 2010) (per curiam) (a petitioner's contention that the BIA erred by affirming without opinion "has no force" where the court can address the merits of the case by reviewing the IJ's decision).

**PETITION FOR REVIEW DENIED.**

09-73512